# State of Tennessee
## Circuit Court of Blount County, Tennessee

CINCINNATI INSURANCE )
COMPANY, )
                 )
       Plaintiff, )
                 )
v. )     Case No. L-19205
                 )
ADVANCED STERILIZATION PRODUCTS )
SERVICES, INC., MEDIVATORS, INC. f/k/a )
MINNTECH CORPORATION, PFC )
EQUIPMENT, INC., PENTAIR, INC., )
JOHNSON & JOHNSON, and AMETEK, INC. )
                 )
       Defendants. )

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):     Ametek, Inc.
                                                  c/o Corporation Service Company (registered agent)
                                                  2908 Poston Avenue
                                                  Nashville, TN 37203-1312

You are hereby summoned to appear and defend a civil action filed against you in the Circuit Court, 926 E. Lamar Alexander Pkwy., Maryville, Tennessee 37804-6201, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the County and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defense this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 3-21-16                                  **TOM E. HATCHER**
                                                                  Circuit Court Clerk
                                                                   Blount County, Tennessee

                                                             By: _____
                                                                            Deputy Clerk

| ATTORNEY FOR PLAINTIFF: | James D. Madewell |
|---|---|
| ADDRESS: | 230 North Washington Avenue |
| | Cookeville, TN 38501 |
| | 932 526-6101 |

**TO THE SHERIFF:**
       Please execute this summons and make return hereon as provided by law.

                                                                              **TOM E. HATCHER**
                                                                              Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

**Exhibit A**                                                                         _____
                                                                                                  Sheriff - Deputy Sheriff

# RETURN OF SERVICE OF SUMMONS

I hereby certify and return, that on the____day of_____, 20___, I (Sheriff/Process Server) served this summons and complaint onU_____

_____ in the

following manner: _____.

I (Sheriff/Process Server) failed to serve this summons within 90 days after its issuance because_____
_____.

_____
Sheriff/Process Server

# RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the ___day of_____, 20____ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____to the defendant, _____, I received the return receipt for said registered or certified mail, which had been signed by _____on the _____day of_____, 20____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Clerk of the Court for filing.

**SWORN TO AND SUBSCRIBED before me**

this ___day of_____, 20____.

___Notary Public ___Deputy Clerk

My Commission Expires:_____

_____
**Plaintiff, Plaintiff's attorney, or other person authorized by statute to serve process.**

===================================================================================
**NOTICE TO THE DEFENDANT(S):**
Tennessee Law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# State of Tennessee
## Circuit Court of Blount County, Tennessee

CINCINNATI INSURANCE COMPANY, )
)
)
    Plaintiff, )
)
v. ) Case No. L-19265 COPY
)
ADVANCED STERILIZATION PRODUCTS )
SERVICES, INC., MEDIVATORS, INC. f/k/a )
MINNTECH CORPORATION, PFC )
EQUIPMENT, INC., PENTAIR, INC., )
JOHNSON & JOHNSON, and AMETEK, INC. )
)
    Defendants. )

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):   Ametek, Inc.
c/o Corporation Service Company (registered agent)
2908 Poston Avenue
Nashville, TN 37203-1312

You are hereby summoned to appear and defend a civil action filed against you in the Circuit Court, 926 E. Lamar Alexander Pkwy., Maryville, Tennessee 37804-6201, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the County and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defense this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 3-21-16

                                                **TOM E. HATCHER**
                                                Circuit Court Clerk
                                                Blount County, Tennessee

                                                By: _____
                                                                Deputy Clerk

| ATTORNEY FOR PLAINTIFF: | James D. Madewell |
|---|---|
| ADDRESS: | 230 North Washington Avenue |
| | Cookeville, TN 38501 |
| | 932 526-6101 |

### TO THE SHERIFF:
    Please execute this summons and make return hereon as provided by law.

                                                                        **TOM E. HATCHER**
                                                                         Circuit Court Clerk
Received this summons for service this _____ day of _____, 20____.

                                                                        Sheriff - Deputy Sheriff

## RETURN OF SERVICE OF SUMMONS

I hereby certify and return, that on the____day of_____, 20___, I (Sheriff/Process Server)

served this summons and complaint onU_____

_____ in the

following manner: _____.

I (Sheriff/Process Server) failed to serve this summons within 90 days after its issuance because_____

_____.

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the ___day of _____, 20____ I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____to the defendant, _____, I received the return

receipt for said registered or certified mail, which had been signed by _____on the

_____day of _____, 20____. Said return receipt is attached to this original summons and both

documents are being sent herewith to the Clerk of the Court for filing.

**SWORN TO AND SUBSCRIBED before me**

this ____day of _____, 20____.

_____
Plaintiff, Plaintiff's attorney, or other
person authorized by statute to serve process.

___Notary Public ___Deputy Clerk

My Commission Expires:_____

===================================================================================

**NOTICE TO THE DEFENDANT(S):**
Tennessee Law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

DEFENDANTS COPY

FILED
MAR 21 2016
TOM HATCHER
CIRCUIT COURT CLERK

IN THE CIRCUIT COURT OF BLOUNT COUNTY, TENNESSEE

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | * |
| Plaintiff, | * |
| vs. | * |
| | * CASE NO: L-19265 |
| ADVANCED STERILIZATION PRODUCTS SERVICES, INC., MEDIVATORS, INC. f/k/a MINNTECH CORPORATION, PFC EQUIPMENT, INC., PENTAIR, INC., JOHNSON & JOHNSON, and AMETEK, INC., | * |
| Defendants. | * |

## COMPLAINT

COMES NOW Plaintiff, CINCINNATI INSURANCE COMPANY, in the above-styled matter and files this Complaint against Defendants, ADVANCED STERILIZATION PRODUCTS SERVICES, INC., MEDIVATORS, INC. f/k/a MINNTECH CORPORATION, PFC EQUIPMENT, INC., PENTAIR, INC., JOHNSON & JOHNSON, and AMETEK, INC., and for causes of action would respectfully show the following:

### PARTIES

1. The Plaintiff, CINCINNATI INSURANCE COMPANY (hereinafter referred to as "Cincinnati"), is an Ohio Corporation doing business in Blount County, Tennessee.

2. The Defendant, ADVANCED STERILIZATION PRODUCTS SERVICES, INC., (hereinafter referred to as "ASP"), is a New Jersey Corporation doing business in Blount County, Tennessee.

3. The Defendant, MEDIVATORS, INC. f/k/a MINNTECH CORPORATION (hereinafter referred to as "Medivators"), is a Minnesota Corporation doing business in Blount County, Tennessee.

1

4. The Defendant, PFC EQUIPMENT, INC., (hereinafter referred to as "PFC"), is a Minnesota Corporation doing business in Blount County, Tennessee.

5. The Defendant, PENTAIR, INC., (hereinafter referred to as "Pentair"), is a Minnesota Corporation doing business in Blount County, Tennessee.

6. The Defendant, JOHNSON & JOHNSON, (hereinafter referred to as "J&J"), is a New Jersey Corporation doing business in Blount County, Tennessee.

7. The Defendant, AMETEK, INC. (hereinafter referred to as "AMETEK"), is a Pennsylvania corporation doing business in Blount County, Tennessee.

## FACTS

8. On or about May 19, 2013, Plaintiff insured Maryville ASC, a general partnership; Dr. Craig S. Jarvis, Dr. Edward F. Brown & Dr. Richard G. Cline, d/b/a Blount Gastroenterology Partnership; and Blount Gastroenterology Associates, d/b/a TN Endoscopy Center.

9. On or about May 19, 2013, Plaintiff's insureds were damaged when a water filter manufactured, distributed and sold by Defendants failed and caused damages, including property damage to the building and property located 1706 E. Lamar Alexander Parkway in Blount County, Tennessee, in the approximate sum of $225,000.00, which was paid by Plaintiff Cincinnati.

## JURISDICTION

10. The amount in controversy, without interest and costs, is in excess of the jurisdictional of the General Sessions Courts and is, therefore, properly before this Court.

## VENUE

11. Venue of this action is proper in Blount County, Tennessee, in that all or a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Blount County, Tennessee.

2

Case 3:16-cv-00207-TAV-CCS   Document 1-1   Filed 04/29/16   Page 6 of 11   PageID #: 11

## COUNT ONE

### *Negligence*

12. Plaintiff alleges and avers that said Defendants were negligent and/or wanton in the following particulars:

    a. Plaintiff alleges that Defendants negligently and/or wantonly <u>manufactured the water filter and component parts</u>, <u>failed to provide safety devices for the water filter</u>, and <u>failed to warn</u> with knowledge of the foreseeable danger to Plaintiff's insured.

    b. The Defendants jointly, separately, and/or severally combined and concurred, negligently, wrongfully, and/or wantonly caused or contributed to cause the damages which led to the damages made the basis of this lawsuit.

    c. Plaintiff alleges that as a proximate result of said Defendants' conduct, Plaintiff's insureds were damaged when the water filter leaked.

## COUNT TWO

### *Tennessee Products Liability Act*

13. Plaintiff realleges and adopts by reference the allegations of Paragraphs 1 through 12, inclusive, by reference herein.

14. On or about May 19, 2013, and for some time prior thereto, the Defendants were engaged in the business of designing, manufacturing, assembling, selling, and/or distributing water filters and their components, including the filter that damaged Plaintiff's insured on the occasion of this accident, throughout the United States of America and the State of Tennessee for use by certain members of the general public.

15. Said Defendants, during said period of time and for a valuable consideration, designed, manufactured, assembled, sold and/or otherwise distributed the said water filter to Plaintiff's

3

insureds for operation on its premises, which said defective water filter caused damages to Plaintiff's insureds when it failed.

16. At said time and place, the water filter, which was expected to and did reach the ultimate user without substantial change in the condition in which it was designed, manufactured, assembled, sold, and/or otherwise distributed, was being used in a foreseeable manner.

17. The water filter was not reasonably safe when being used in a foreseeable manner, but to the contrary, it was defective and unreasonably dangerous. The aforedescribed Defendants knew, or in the exercise of reasonable care should have known that said water filter was unreasonably dangerous when being used in a foreseeable manner. Plaintiff alleges that the water filter was defective as a result of the following actions by the Defendants:

   a. failure to design, manufacture, assemble, sell or otherwise distribute the water filter in such a manner as to prevent it from failing, leaking, overflowing, and causing damage;

   b. negligently and/or wantonly failed to exercise reasonable care to make or cause said water filter to be reasonably safe for the use and purpose for which it was intended;

   c. negligently and/or wantonly failed to warn and instruct, or inadequately warned or instructed, the ultimate user of the water filter's danger.

   d. negligently and/or wantonly failed to design, manufacture, assemble, distribute and/or sell the water filter with reasonable safety or protective devices to guard against the type of damage received by Plaintiff's insureds, on the occasion made the basis of this lawsuit, including but not limited to: negligently and/or wantonly failed to design, manufacture, assemble, distribute and/or sell the water filter with safety features which would have prevented the water filter from failing and leaking water, causing damage to Plaintiff's insureds' property.

4

18. Plaintiff avers that the foregoing wrongful conduct of said Defendants was the proximate cause of its insureds' damage.

19. The foregoing wrongful conduct of said Defendants renders them liable to the Plaintiff pursuant to the Tennessee Products Liability Act.

20. Plaintiff alleges that the negligence and/or wantonness of said Defendants combined and concurred to proximately cause Plaintiff's damages described hereinabove.

## COUNT THREE

### *Breach of Warranty*

21. Plaintiff realleges those material averments contained in Paragraphs 1 through 20, inclusive, by reference herein.

22. On or about May 19, 2013, and for some time prior thereto, Defendants <u>expressly and/or impliedly warranted</u> that the water filter and/or its component parts were of merchantable quality and fit for normal ordinary use and operation.

23. Specifically, said Defendants expressly and/or impliedly warranted that the water filter and/or its component parts were fit for use and operation and would not subject Plaintiff's insureds to unreasonable risks of damage when the water filter was operated in normal and foreseeable conditions.

24. Said Defendants breach of the aforesaid warranties proximately caused the damages suffered by the Plaintiff's insureds as set out hereinabove.

## DAMAGES

25. Plaintiff realleges those material averments contained in Paragraphs 1 through 24, inclusive, by reference herein.

26. Plaintiff suffered damages in the approximate sum of $225,000.00 for clean up, loss of income, loss of personal property and repair of the damage to the building and other related expenses which Plaintiff Cincinnati paid and is subrogated to the rights of its insureds under its contract of insurance with its insureds and the laws of Tennessee.

WHEREFORE, premises considered, as the conduct of said Defendants caused the aforedescribed damage, Plaintiff demands judgment of the Defendants, separately, in such character and quantity as allowed by law and demands a jury to try the issues joined under the circumstances of this case for the purposes allowed by law.

/s/ James D. Madewell
James D. Madewell, Esquire (#03337)
MADEWELL, JARED, HALFACRE,
    WILLIAMS & WILSON
230 North Washington Avenue / 38501
Post Office Box 721
Cookeville, TN 38503-0721
Email:    mjhwlaw@citilink.net
Telephone:    931.526.6101
Facsimile:    931.528.1909


John D. Richardson, Esquire
RICHARDSON LAW FIRM, LLC
118 North Royal Street, Suite 100
Mobile, Alabama 36602
Email:    john@richardsonlawllc.com
          aaron@richardsonlawllc.com
Telephone:    251.338.1695
Facsimile:    251.338.1698
PRO HAC VICE being requested.

COST BOND

We are surety for the costs in this cause.

                CINCINNATI INSURANCE COMPANY

                By _____
                           PRINCIPAL

                MADEWELL, JARED, HALFACRE, WILLIAMS & WILSON

                _____
                           Surety

7