**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE**

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO: 3:16-cv-207-TAV-CCS |
| | ) | |
| ADVANCED STERILIZATION | ) | |
| PRODUCTS SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, CINCINNATI INSURANCE COMPANY, in the above-styled matter

pursuant to FRCP 15, the last responsive pleading having been filed on May 18, 2016  and files this

First Amended Complaint by adding as a defendant, Plymouth Products, Inc. and to read as follows:

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE**

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO: 3:16-cv-207-TAV-CCS |
| | ) | |
| ADVANCED STERILIZATION | ) | |
| PRODUCTS SERVICES, INC., | ) | |
| MEDIVATORS, INC. f/k/a | ) | |
| MINNTECH CORPORATION, | ) | |
| PFC EQUIPMENT, INC., PENTAIR, INC., | ) | |
| JOHNSON & JOHNSON, AMETEK, INC., | ) | |
| PLYMOUTH PRODUCTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

COMES NOW Plaintiff, CINCINNATI INSURANCE COMPANY, in the above-styled matter

and files this Complaint against Defendants, ADVANCED STERILIZATION PRODUCTS

SERVICES, INC., MEDIVATORS, INC. f/k/a MINNTECH CORPORATION, PFC EQUIPMENT, INC., PENTAIR, INC., JOHNSON & JOHNSON, AMETEK, INC., and PLYMOUTH PRODUCTS, INC., and for causes of action would respectfully show the following:

## PARTIES

1.      The Plaintiff, CINCINNATI INSURANCE COMPANY (hereinafter referred to as "Cincinnati"), is an Ohio Corporation doing business in Blount County, Tennessee.

2.      The Defendant, ADVANCED STERILIZATION PRODUCTS SERVICES, INC., (hereinafter referred to as "ASP"), is a New Jersey Corporation doing business in Blount County, Tennessee.

3.      The Defendant, MEDIVATORS, INC. f/k/a MINNTECH CORPORATION (hereinafter referred to as "Medivators"), is a Minnesota Corporation doing business in Blount County, Tennessee.

4.      The Defendant, PFC EQUIPMENT, INC., (hereinafter referred to as "PFC"), is a Minnesota Corporation doing business in Blount County, Tennessee.

5.      The Defendant, PENTAIR, INC., (hereinafter referred to as "Pentair"), is a Minnesota Corporation doing business in Blount County, Tennessee.

6.      The Defendant, JOHNSON & JOHNSON, (hereinafter referred to as "J&J"), is a New Jersey Corporation doing business in Blount County, Tennessee.

7.      The Defendant, AMETEK, INC. (hereinafter referred to as "AMETEK"), is a Pennsylvania corporation doing business in Blount County, Tennessee.

8.      The Defendant, PLYMOUTH PRODUCTS, INC. (hereinafter referred to as "PLYMOUTH"), is a Delaware corporation doing business in Blount County, Tennessee, and was not a party to the original complaint.

## FACTS

9.      On or about May 19, 2013, Plaintiff insured Maryville ASC, a general partnership; Dr. Craig S. Jarvis, Dr. Edward F. Brown & Dr. Richard G. Cline, d/b/a Blount Gastroenterology Partnership; and Blount Gastroenterology Associates, d/b/a TN Endoscopy Center.

10.      On or about May 19, 2013, Plaintiff's insureds were damaged when a water filter manufactured, distributed and sold by Defendants failed and caused damages, including property damage to the building and property located 1706 E. Lamar Alexander Parkway in Blount County, Tennessee, in the approximate sum of $225,000.00, which was paid by Plaintiff Cincinnati.

## JURISDICTION

11.      This Court has subject matter jurisdiction under 28 U.S.C. §1332(a)(1) because complete diversity exists and the amount in controversy, exclusive of costs and interest, exceeds $75,000.00.

## VENUE

12.      Venue of this action is proper in this district pursuant to 28 U.S.C. §1391(b)(2) in that all or part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## COUNT ONE

### *Negligence*

13.      Plaintiff alleges and avers that said Defendants were negligent and/or wanton in the following particulars:

a.      Plaintiff alleges that Defendants negligently and/or wantonly manufactured the water filter and component parts, failed to provide safety devices for the water filter, and failed to warn with knowledge of the foreseeable danger to Plaintiff's insured.

b.      The Defendants jointly, separately, and/or severally combined and concurred, negligently, wrongfully, and/or wantonly caused or contributed to cause the damages which led to the damages made the basis of this lawsuit.

c.      Plaintiff alleges that as a proximate result of said Defendants' conduct, Plaintiff's insureds were damaged when the water filter leaked.

## COUNT TWO

### *Tennessee Products Liability Act*

14.      Plaintiff realleges and adopts by reference the allegations of Paragraphs 1 through 13, inclusive, by reference herein.

15.      On or about May 19, 2013, and for some time prior thereto, the Defendants were engaged in the business of designing, manufacturing, assembling, selling, and/or distributing water filters and their components, including the filter that damaged Plaintiff's insured on the occasion of this accident, throughout the United States of America and the State of Tennessee for use by certain members of the general public.

16.      Said Defendants, during said period of time and for a valuable consideration, designed, manufactured, assembled, sold and/or otherwise distributed the said water filter to Plaintiff's insured for operation on its premises, which said defective water filter caused damages to Plaintiff's insureds.

17.      At said time and place, the water filter, which was expected to and did reach the ultimate user without substantial change in the condition in which it was designed, manufactured, assembled, sold, and/or otherwise distributed, was being used in a foreseeable manner.

18.      The water filter was not reasonably safe when being used in a foreseeable manner, but to the contrary, it was defective and unreasonably dangerous. The aforedescribed Defendants knew, or in the exercise of reasonable care should have known that said water filter was unreasonably dangerous when being used in a foreseeable manner. Plaintiff alleges that the water filter was defective as a result of the following actions by the Defendants:

a.        failure to design, manufacture, assemble, sell or otherwise distribute the water filter in such a manner as to prevent it from failing, leaking, overflowing, and causing damage;

b.        negligently and/or wantonly failed to exercise reasonable care to make or cause said water filter to be reasonably safe for the use and purpose for which it was intended;

c.        negligently and/or wantonly failed to warn and instruct, or inadequately warned or instructed, the ultimate user of the water filter's danger.

d.        negligently and/or wantonly failed to design, manufacture, assemble, distribute and/or sell the water filter with reasonable safety or protective devices to guard against the type of damage received by Plaintiff's insureds, on the occasion made the basis of this lawsuit, including but not limited to: negligently and/or wantonly failed to design, manufacture, assemble, distribute and/or sell the water filter with safety features which would have prevented the water filter from failing and leaking water, causing damage to Plaintiff's insureds' property.

19.        Plaintiff avers that the foregoing wrongful conduct of said Defendants was the proximate cause of its insureds' damage.

20.        The foregoing wrongful conduct of said Defendants renders them liable to the Plaintiff pursuant to the Tennessee Products Liability Act.

21.        Plaintiff alleges that the negligence and/or wantonness of said Defendants combined and concurred to proximately caused Plaintiff's damages described hereinabove.

## COUNT THREE
### *Beach of Warranty*

22.        Plaintiff realleges those material averments contained in Paragraphs 1 through 21, inclusive, by reference herein.

23.        On or about May 19, 2013, and for some time prior thereto, Defendants expressly and/or impliedly warranted that the water filter and/or its component parts were of merchantable

quality and fit for normal ordinary use and operation.

24.     Specifically, said Defendants expressly and/or impliedly warranted that the water filter and/or its component parts were fit for use and operation and would not subject Plaintiff's insureds to unreasonable risks of damage when the water filter was operated in normal and foreseeable conditions.

25.     Said Defendants breach of the aforesaid warranties proximately caused the damages suffered by the Plaintiff's insureds as set out hereinabove.

## DAMAGES

26.     Plaintiff realleges those material averments contained in Paragraphs 1 through 25, inclusive, by reference herein.

27.     Plaintiff suffered damages in the approximate sum of $225,000.00 for clean up, loss of income, loss of personal property and repair of the damage to the building and other related expenses which Plaintiff Cincinnati paid and is subrogated to the right under its contract of insurance with its insureds and the laws of Tennessee.

WHEREFORE, premises considered, as the conduct of said Defendants caused  the aforedescribed damage, Plaintiff demands judgment of the Defendants, separately, in such character and quantity as allowed by law and demands a jury to try the issues joined under the circumstances of this case for the purposes allowed by law.

/s/James D. Madewell_____
James D. Madewell BPR #3337
Madewell, Jared, Halfacre, Williams & Wilson
230 North Washington Avenue
Cookeville, TN  38501
Email:          mjhwlaw@citlink.net
Telephone:    931 526-6101
Facsimile:     931 528-1909

John D. Richardson
Richardson Law Firm, LLC
118 North Royal Street, Suite 100
Mobile, Alabama 36602

Email:          john@richardsonlawllc.com
                aaron@richardsonlawllc.com
Telephone:      251.338.1695
Facsimile:      251.338.1698
PRO HAC VICE being requested
Attorneys for Plaintiff Cincinnati Insurance


CERTIICATE OF SERVICE

I do hereby certify to this Court that I have on this the18th day of May, 2016, served a copy of the above and foregoing upon the following counsel involved in this proceeding by US Mail addressed as follows:

J. Randolph Bibb, Jr., Esquire
Ryan N. Clark, Esquire
LEWIS, THOMASON, KING, KRIEG & WALDROP, PC
424 Church Street, Suite 2500
Post Office Box 198615
Nashville, TN 37219
*Counsel for AMETEK and PENTAIR*
Telephone:      615.259.1366
Facsimile:      615.259.1389
Email:          rbibb@lewisthomason.com
                rclark@lewisthomason.com


Clarence A. Wilbon, Esquire
ADAMS and REESE, LLP
Crescent Center
6075 Poplar Avenue, Suite 700
Memphis, Tennessee 38119
*Counsel for Advanced Sterilization and Johnson & Johnson*
Telephone:      901.524.5324
Facsimile:      901.524.5424
Email:          clarence.wilbon@arlaw.com


William B. Jakes, III, Esquire
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
Telephone:      615.244.3370
Attorneys for Defendant, Medivators, Inc.

PFC Equipment
9366 Deerwood Lane North
Minneapolis, Minnesota  55369

This 18th day of May, 2015

/s/ James D. Madewell

_____

 James D. Madewell